# In the United States Court of Federal Claims

No. 20-168C
(Pro Se)
(Filed: April 30, 2020 | Not for Publication)

|                                   |   |
|---|---|
| A.R. MORENO,                      | ) |
|                                   | ) |
| Plaintiff,                        | ) |
|                                   | ) |
| v.                                | ) |
|                                   | ) |
| THE UNITED STATES OF AMERICA,     | ) |
|                                   | ) |
| Defendant.                        | ) |

*A.R. Moreno*, Aurora, IL, pro se.

*David M. Kerr*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

On February 19, 2020, pro se Plaintiff A.R. Moreno filed a complaint in this court alleging causes of action against the Federal Bureau of Investigation ("FBI") for "fail[ing] to uphold their Oath of Offices, act[ing] dishonorably, negligently[,] and abus[ing] raw data collected through intelligence harvesting mechanisms." Compl. at 2, Docket No. 1. On the same date, Plaintiff Moreno also filed an application to proceed in forma pauperis. Docket No. 4. On March 19, 2020, the government filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") based on lack of subject-matter jurisdiction. Docket No. 7.

For the reasons discussed below, Plaintiff Moreno's application to proceed in forma pauperis is **GRANTED**. However, because the Court lacks subject-matter jurisdiction over the complaint, the government's motion to dismiss is **GRANTED** and the case will be dismissed in its entirety.

## I.    Plaintiff's Application To Proceed In Forma Pauperis

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is

unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted).

Plaintiff Moreno claims an amount of "$0.00" dollars in cash or in a checking or savings account. Pl.'s Appl. To Proceed In Forma Pauperis at 2. Plaintiff does not list monthly expenses but indicates an outstanding loan balance of $36,431.31. Id. Plaintiff Moreno is currently unemployed. Id. at 1. Under these circumstances, Plaintiff Moreno has sufficiently demonstrated an inability to pay the court's filing fee. Plaintiff's application to proceed in forma pauperis is therefore **GRANTED**.

**II.     The Government's Motion To Dismiss**

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Plaintiff Moreno has not filed a response to the government's motion to dismiss, which was due by April 16, 2020. Nevertheless, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Plaintiff's complaint alleges negligence and abuse in the collection of intelligence data. Compl. at 2. Such claims sound in tort and are therefore beyond this Court's jurisdiction. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir.

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

2007) (holding that negligence claims sounded in tort and, thus, were "clearly outside the limited jurisdiction of the Court of Federal Claims"); Naskar v. United States, 82 Fed. Cl. 319, 321 (2008) ("Because plaintiff's claim is for damages due to negligence, it sounds in tort and the Court of Federal Claims does not have jurisdiction over it."). Likewise, the Court lacks jurisdiction over Plaintiff's claims that individuals at the FBI failed to abide by their oaths of office. Nalette v. United States, 72 Fed. Cl. 198, 202 (2006) (finding that allegations that government officials "breached their oath of office sounds in tort").

Furthermore, the Court lacks jurisdiction to grant the nonmonetary relief Plaintiff Moreno seeks. The Court cannot "[d]issolve the FBI entirely" nor direct FBI officials to issue "[h]and[]written and typed statement[s] of apology." Compl. at 3. See United States v. Tohono O'Odham Nation, 563 U.S. 307, 313 (2011) (explaining that the Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers"). Therefore, Plaintiff Moreno's complaint must be **DISMISSED**.

## CONCLUSION

Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Plaintiff Moreno's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

*Elaine D. Kaplan*
ELAINE D. KAPLAN
Judge